IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>COASTAL DRILLING EAST, LLC,  )<br><br>and  )<br><br>COASTAL WELL SERVICE, LLC,  )<br><br>Defendants.  ) | Civil Action No. 2:21-cv-01220-JFC |

## PLAINTIFF EEOC'S MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 58(d)

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") hereby files the instant Motion for Entry of Judgment Pursuant to Fed. R. Civ. P. 58(d) in the above-styled and numbered action, and in support states the following:

1. On December 5, 2022, the jury returned a verdict in favor of EEOC, finding that Defendants Coastal Drilling East, LLC and Coastal Well Service, LLC ("Defendants") subjected Andre Pryce to unlawful racial harassment and constructive discharge and awarding him $24,375.00 in compensatory damages. *See* ECF No. 79.

2. On August 16, 2022, the Court entered an Order Regarding Equitable Remedies, which requires Defendants to pay to Mr. Pryce an additional $40,991.59 in backpay, $6,083.50 in prejudgment interest, and $9,018.53 to offset the negative tax consequences that he will incur as a result of receiving a multi-year backpay award as a lump sum payment in a single tax year. *See* ECF No. 106.

3. The Court's Order Regarding Equitable Remedies also sets forth the following prohibitory and mandatory injunctions of Defendants, which shall dissolve after a period of two (2) years from the date that final judgment has been entered in this action:

    a. Defendants shall not create, facilitate, or tolerate the existence of a hostile work environment because of race or fail to exercise reasonable care to prevent or correct harassment because of race, including but not limited to workplace use of racial slurs or epithets, racial jokes, the display of nooses, or other racially offensive words or images, or take any adverse employment action against any person because of race.

    b. Defendants shall not authorize employees Robert Steel or Dennis Hall to decline to report to their managers and Defendants' human resources department any complaints, reports, or personal observations of alleged or potential racial harassment, including but not limited to workplace use of racial slurs or epithets, racial jokes, the display of nooses, or other racially offensive words or images.

    c. Not later than one hundred twenty (120) days after the date that final judgment has been entered in this action, Defendants shall be required to provide training to all employees with authority to investigate or take corrective action in response to employee complaints or their own observations of race harassment that will include at least the following subject matter: (a) Defendants' requirement that all managerial and supervisory employees have a duty under Defendants' policies to actively monitor the work environment to ensure it is free of harassment because of

race and to report any instances of racial harassment to Defendants' human resources department, (b) reasonably diligent methods and techniques for conducting investigations and responding to employee complaints or personal observations of harassment; (c) formulating and implementing employment actions to correct and prevent racial harassment, and (d) the Defendants' duties under the injunction issued in this action.

d. Defendants shall submit to EEOC reports regarding all complaints or reports received from any person concerning potential or alleged race harassment, or any potential or alleged race harassment witnessed by a management or supervisory employee, and Defendants' response(s) to such complaints. These reports shall include the following minimum content: (a) the date of the complaint or report or the conduct witnessed by a management or supervisory employee; (b) a detailed description of the complaint or report allegations or the conduct witnessed by a management or supervisory employee; (c) the full name, job title, residence address, and last known phone number(s) of the person who made the complaint, report or the management or supervisory employee who witnessed the conduct; (d) the full name and job title of all person(s) alleged or were witnessed to have engaged in potential race harassment; (e) the full names and job titles of all personnel who conducted or participated in the investigation of such complaint; (f) the full name(s), job title(s), residence address(es), and last known phone number(s) of all persons interviewed in connection with the investigation; (g) a complete narrative description of the questions asked of,

and statements made by, any persons interviewed in connection with the investigation; and (h) any investigation findings and/or corrective actions that Defendants undertook in response to each complaint, report or witnessed conduct. All such reports shall be transmitted to EEOC counsel of record in this matter no later than fifteen (15) days after receipt of any complaints, with a second report for each complaint due no more than fifteen (15) days after Defendants take final action in response to the complaint, report or witnessed conduct.

*See* ECF No. 106.

4. Fed. R. Civ. P. 58(a) and (b)(2) require entry of a final Judgment in a separate document.

5. Fed. R. Civ. P. 58(d) authorizes EEOC to request that judgment be entered in a separate document as required by Rule 58(a).

6. A proposed final judgment, Form AO 450, is attached to this Motion.

WHEREFORE, pursuant to Fed. R. Civ. P. 58, Plaintiff EEOC requests that the District Clerk enter a final judgment upon the jury verdict and the Court's Order Regarding Equitable Remedies, in favor of Plaintiff EEOC and against Defendants Coastal Drilling East, LLC and Coastal Well Service, LLC, consistent with the form attached to this Motion.

Case 2:21-cv-01220-JFC   Document 107   Filed 08/30/23   Page 5 of 6

Dated: August 30, 2023                    Respectfully submitted:


/s/ Megan M. Block
Megan M. Block
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
PA Bar No. 319263
EEOC – Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Phone: (412) 588-6934
Fax: (412) 395-5749
Email: megan.block@eeoc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2023 a true and correct copy of Plaintiff EEOC's Brief in Support of Backpay Remedies was served via the Court's CM/ECF system upon the following attorneys of record:

Sunshine R. Fellows
Chloe C. Zidian
Paul Shane Miller
Freeman Mathis & Gary, LLP
2009 Mackenzie Way, Suite 100
Cranberry Township, PA 16066
sunshine.fellows@fmglaw.com
chloe.zidian@fmglaw.com
shane.miller@fmglaw.com

*Counsel for Defendants Coastal Drilling East, LLC and Coastal Well Service, LLC*

Respectfully submitted,

/s/ Megan M. Block
Megan M. Block
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
PA Bar No. 319263
EEOC – Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Phone: (412) 588-6934
Fax: (412) 395-5749
Email: megan.block@eeoc.gov