# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 2:21-cv-01220-JFC** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COASTAL DRILLING EAST, LLC,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **COASTAL WELL SERVICE, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Pending before the court is a motion for review of the clerk's taxation of costs filed by the U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") (ECF No. 115). In its motion, EEOC raises only one narrow issue: whether the clerk properly denied the taxation of costs associated with private process server fees. (ECF No. 115 at 1). The court reviewed the clerk's determination about the taxation of costs and, for the reasons below, concluded the clerk appropriately declined to award costs for private process service fees.

## Factual and Procedural Background

On December 5, 2022, a jury rendered a verdict in favor of the EEOC, on behalf of Andre Pryce, and against Coastal Drilling East, LLC, and Coastal Well Service, LLC (together with Coastal Drilling East, LLC, "Coastal Drilling" or "Defendants") for racial discrimination in

violation of Title VII of the Civil Rights Act of 1964. As part of that award, this court ordered that the EEOC could recover costs from Defendants. (ECF No. 110). The EEOC filed a bill of costs for $9,174.55 on September 12, 2023, (ECF No. 111) and a brief in support of that bill of costs on October 10, 2023 (ECF No. 113). On October 31, 2023, the clerk entered a taxation of costs in favor of the EEOC in the amount of $7,629.55. (ECF No. 114). The clerk excluded $1,545.00 for fees for service made or attempted by private process servers. (ECF No. 114). In defense of the exclusion, the clerk cited the *Guidelines Governing the Taxation of Costs by the Clerk of Court*, which states "until the Court of Appeals for the Third Circuit decides this issue, costs incurred by using private process servers are disallowed by the Clerk." (ECF No. 114 at 2); United States District Court, Western District of Pennsylvania, the *Guidelines Governing the Taxation of Costs by the Clerk of Court*, (Feb. 28, 2022), https://www.pawd.uscourts.gov/sites/pawd/files/Bill_of_Costs_Guidelines_February _22_ 2022_ FINAL.pdf. On November 1, 2023, the EEOC filed a motion for Review of the Clerk's Taxation of Costs Pursuant to Federal Rule of Civil Procedure 54(d)(1) (ECF No. 115) and a brief in support of that motion. (ECF No. 116).

## Legal Standard

The EEOC moved for review of the clerk's taxation pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Within the Third Circuit, "there is a strong presumption in favor of awarding costs to the prevailing party." *Immunex Corp. v. Sandoz, Inc.*, No. CV 16-1118, 2021 WL 3144846, at *3 (D.N.J. July 23, 2021) (quoting *Reger v. Nemours Found.*, Inc., 599 F.3d 285, 288 (3d Cir. 2010)). The Supreme Court, however, has made clear the "'discretion granted by Rule 54(d) is not a power to evade' the

specific categories of costs set forth by Congress." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 572–73 (2012) (quoting *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987)).

Congress set forth the specific categories of costs as follows:

A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Taken together, "[§] 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting*, 482 U.S. at 441–42. It follows, then, that Rule 54(d) "provides no sound basis for casting aside the ordinary meaning of the various items enumerated in the costs statute . . . ." *Taniguchi*, 566 U.S. at 573.

## Discussion

In its brief, EEOC acknowledged the Third Circuit Court of Appeals has yet to determine whether private process server fees are recoverable under 28 U.S.C. § 1920. (ECF No. 116 at 2). The EEOC relies on the decisions of other courts of appeals that have ruled on the issue, such as the Ninth Circuit and Seventh Circuit Courts of Appeals, to argue that private process server fees

are a recoverable cost,[1] while also noting the Eighth Circuit Court of Appeals has not allowed them as recoverable costs.[2] (ECF No. 116 at 2–3). EEOC cites, in a footnote, to decisions of the district courts within the Third Circuit that have allowed prevailing parties to recover private process server fees. (ECF No. 116 at 3 n.1). However, there is a split among the district courts within the Third Circuit about the recovery of private process server fees.[3]

Because there is a lack of guidance from the Third Circuit Court of Appeals, a circuit split among the courts of appeals that have considered the issue, and a split among the district courts within the Third Circuit, the law is unsettled. The majority of courts of appeals and district courts that have awarded private process server fees as recoverable costs have followed the Ninth Circuit Court of Appeals' reasoning from *Aflex Corp. v. Underwriter Lab., Inc.*, 914 F.2d 175 (9th Cir. 1990). In *Aflex*, the court read § 1920 and § 1921 together to find Congress' intent:

> In making Marshal's fees taxable as costs in section 1920(1), we believe Congress exhibited an intent to make service of process a taxable item. Since the enactment of section 1920(1), the method of serving civil summonses and subpoenas has changed. The U.S. Marshal no longer has that responsibility in most cases, but rather a private party must be employed as process server. Now that the Marshal is no longer involved as often in the serving of summonses and subpoenas, the cost of private process servers should be taxable under 28 U.S.C. § 1920(1).

---

[1] The EEOC also string-cites to decisions from the Courts of Appeals for the Fifth, Sixth, and Eleventh Circuits, (ECF No. 116 at 2). The court acknowledges that there is also a subset of courts, such as the Seventh Circuit Court of Appeals, that only permit costs for private process servers to be taxed up to the amount the marshals would have charged. *See e.g.*, *Collins v. Gorman*, 96 F.3d 1057 (7th Cir. 1996).

[2] The EEOC cites *Evergreen Pipeline* for the proposition that "an award of private process server fees may be allowed under § 1920, when read in conjunction with § 1921[,]" but fails to mention the Second Circuit Court of Appeals concurred "with the Eighth Circuit that the plain language of § 1920 clearly does not authorize the shifting of private process fees." *U.S. for Use & Benefit of Evergreen Pipeline Const. Co. v. Merritt Meridian Const. Corp.*, 95 F.3d 153, 172 (2d Cir. 1996). (ECF No. 116 at 2). The Second Circuit Court of Appeals, in *Evergreen Pipeline*, simply cited a decision of another court that allowed the recovery of private process server fees and determined that rationale was persuasive. *Id.* It also stated the appropriate standard of appellate review of the district court's decision to award or deny the costs as abuse of discretion and concluded the district court, in that case, did not abuse its discretion in denying the costs. *Id.*

[3] *Compare  Hurley v. Atlantic City Police Dept.*, No. 93-2601, 996 WL 549298, at *8 (D.N.J. Sept. 17, 1996) (following the Ninth Circuit Court of Appeals approach "because it best comports with congressional intent to make the costs of service of process taxable"), *with Immunex Corp. v. Sandoz, Inc.*, No. CV 16-1118, 2021 WL 3144846, at *7 (D.N.J. July 23, 2021) (finding evidence of intent to apply § 1920 in a "very restrained manner").

*Id.* at 178 (internal citations omitted). This reading of the sections together to find congressional intent is what other courts have adopted as their basis for allowing recovery of private process server fees. *See e.g.*, *Hurley*, 996 WL 549298, at *8.

There was an additional factor present in *Aflex*— a local rule of court permitted "taxing as costs fees for service of process *by any person* authorized by Fed.R.Civ.P. 4." *Aflex Corp.*, 914 F.2d at 178. In *Aflex*, the court of appeals did not consider whether that local court rule would contradict a statutory provision. Under the courts' rule-making authority, "[s]uch [local] rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed under section 2072 of this title." 28 U.S.C. § 2071; *Frazier v. Heebe*, 482 U.S. 641, 646 n.4 (1987) ("The local rules must also be consistent with Acts of Congress."); *see Nat'l Ass'n for the Advancement of Multijurisdiction Prac., v. Simandle*, 658 F. App'x 127, 134 (3d Cir. 2016) (noting "district court local rules cannot contradict any federal law or rules promulgated under the authority of the Supreme Court"). Even if a local rule, like that referred to in *Aflex*, did not contradict the pertinent statute, the District Court for the Western District of Pennsylvania has no local rule that permits the recovery of fees for service of process by anyone other than the marshal. *See Guidelines Governing the Taxation of Costs by the Clerk of Court*; *LCvR* 54.

The inquiry here must start with § 1920. As previously discussed, § 1920 provides for the collection of "[f]ees of the clerk and marshal." Section 1921 lists the fees that are recoverable by the marshal, which includes fees for "(A) Serving a writ of possession, partition, execution, attachment in rem, or libel in admiralty, warrant, attachment, summons, complaints, or any other writ, order or process in any case or proceeding. (B) Serving a subpoena or summons for a witness or appraiser." § 1921(a)(1).

With respect to statutory interpretation, the Supreme Court has instructed "[t]he first step is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450, (2002) (internal quotations omitted). "[I]f the statutory language is unambiguous and the statutory scheme is coherent and consistent[,]" then the inquiry is over. *Id.* (internal quotations omitted). Here, there is no ambiguity within §§ 1920 and 1921, alone or taken together. Section 1920 explicitly refers to "fees of the clerk and marshal." 28 U.S.C. § 1920. Section 1921 details fees for which the marshal may charge. § 1921. The plain meaning of the statutes is that the prevailing party may recover the marshal's fee for service of process—not that service of process fees are recoverable by the prevailing party no matter who carries out the service. The statutes do not provide for recovery of private process server fees. To conclude otherwise, the court would have to read that language into the statures.

Recognizing that the modern trend is for parties to utilize private process servers rather than the marshals and wanting to allow that cost to be recoverable because it may—or may not—be within Congress' original intent is admirable; however, the statute does not contemplate the costs of private process servers. The Supreme Court has "stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Barnhart*, 534 U.S. at 461–62 (internal quotations omitted). If Congress' true intent is to allow for private process service fees to be recoverable, then the issue is best settled by Congress amending the statute because §§ 1920 and 1921 are unambiguous. Any attempt to expand the scope of the statutory language beyond its plain meaning saunters outside the scope of judicial review. *See Barnhart*, 534 U.S. at 462 ("When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.") (internal quotations omitted).

The conclusion that §§ 1920 and 1921 do not contemplate private process server fees is consistent with the narrow approach to § 1920 of both the Supreme Court and Third Circuit Court of Appeals. In *Taniguchi*, for instance, the Supreme Court examined subsection six of § 1920, which permits the clerk to tax as costs "compensation of interpreters." 566 U.S. at 562; 28 U.S.C. § 1920(6). In its discussion, the Court noted "taxable costs are limited by statute and are modest in scope[;]" therefore, it saw "no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in § 1920." *Taniguchi*, 566 U.S. at 573. Because the Court reasoned that "the ordinary meaning of the word 'interpreter' is a person who translates orally from one language to another," it held "that 'compensation of interpreters' is limited to the cost of oral translation and does not include the cost of document translation." *Id.* at 562.[4]

Likewise, the Third Circuit Court of Appeals has applied a narrow interpretation of § 1920. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 169 (3d Cir. 2012).[5] In *Race Tires*, the court addressed subsection four of § 1920, which permits the clerk to tax as costs "costs of making copies." *Id.* at 159; 28 U.S.C. § 1920(4). The question before the Third Circuit Court of Appeals was "whether all charges imposed by electronic discovery vendors to assist in the collection, processing, and production of electronically stored information ("ESI") are taxable against a losing party as '[f]ees for exemplification [or] the costs of making copies . . . .'" *Race Tires*, 674 F.3d at 159. In a somewhat colorful examination, the court noted "[t]he decisions that allow taxation of all, or essentially all, electronic discovery consultant charges, such as the District Court's ruling in this case, are untethered from the statutory mooring." *Id.* at 169. In a notable

---

[4] *See Crawford Fitting*, 482 U.S. at 441–42 (holding that "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, *federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920*") (emphasis added).

[5] The District of New Jersey referred to *Race Tires* as "one of the most restrictive interpretations, nationwide, of § 1920 (4) 'costs of making copies[.]'" *Immunex Corp.*, 2021 WL 3144846, at *7.

conclusion, the court stated § 1920 "does not authorize taxation merely because today's technology requires technical expertise not ordinarily possessed by the typical legal professional." *Id.*

The Third Circuit Court of Appeals' comment about "today's technology" shows that statutory language should not be construed beyond its plain meaning to expand to changing methods of practice. In other words, simply because the common trend is to effectuate service of process through private parties does not render those costs recoverable when the statute explicitly provides only for the recovery of the costs of service of process when the marshal effectuates that service. *Cf. Id.* ("Section 1920(4) authorizes awarding *only* the cost of making copies.") (emphasis added).

### Conclusion

Because there is no ambiguity in the applicable statutory provisions, the clerk correctly declined to award the costs for the fees of private process servers, and the EEOC's motion will be denied. An appropriate order will be entered for the taxation of costs in the amount of $7,629.55.

December 21, 2023                         /s/ Joy Flowers Conti
                                         Joy Flowers Conti
                                         Senior United States District Judge